PIERCE, Chief Judge.
On January 22, 1971, this Court issued opinion in this cause, 243 So.2d 181, reciting that a previous notice of appeal dated June 4, 1969, filed on behalf of petitioner Larry J. Dennis seeking to review a judgment and sentence of the Pinellas County Circuit Court entered on May 8, 1969, had been dismissed by this Court on February 13, 1970 because the notice of appeal, although dated within time, was filed more than thirty days after said judgment was entered. The opinion also recited that Dennis had filed a petition for writ of habeas corpus setting up that, within the time for filing said notice of appeal, he had signed the same and, being then and there in custody serving his sentence imposed on May 8, 1969, he had left the notice of appeal with an employee of the Department of Health and Rehabilitative Services, a State agency, with the understanding that said employee would mail it for filing within the period allowed by law; that said employee failed to mail said notice within the proper time; and that such employee held such position with the State as to cause his negligence to be classified as State action. Said opinion thereupon directed the issuance of rule to show cause in habeas corpus. Said rule was issued and respondent director in due course made response thereto. The foregoing facts appeared from averments of the petition and response.
The cause was thereupon referred to Honorable Charles M. Phillips of the Pin-ellas County Circuit Court with authority to take testimony as Commissioner for this Court, bearing upon two questions, viz: (1) whether the failure to file the notice of appeal within proper time was attributable to negligence on the part of petitioner Dennis, and (2) whether the employee, previously entrusted with the mailing of said notice to this Court for due filing, was in fact such an employee whose negligence would be considered as State action.
The Commissioner aforesaid proceeded with due dispatch, having difficulty in ascertaining the whereabouts of certain of the witnesses. However, hearing was ultimately held, at which time petitioner Dennis affirmatively advised the Commissioner that it was his desire “not to prosecute the instant Petition”, which representation by petitioner the Commissioner found to be knowingly and intelligently made. The Commissioner thereupon recommended that the instant petition be dismissed and the writ discharged.
This Court has reviewed the entire file in this matter and concludes that the findings of the Commissioner should be approved and his recommendation followed.
The Rule Nisi is thereupon dissolved and the writ of habeas corpus discharged.
LILES and MANN, JJ., concur.